UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID BROWN,

       Plaintiff,                            Hon. Janet T. Neff

v.                                         Case No. 1:12-CV-873

JOHN PRELESNIK, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #31). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **denied**.


## BACKGROUND

Plaintiff initiated this action on August 8, 2012,[1] against the Michigan Department of Corrections (MDOC) and twenty-one (21) individuals. Plaintiff apparently suffers from a vision impairment and asserts numerous claims that Defendants have failed to appropriately accommodate his condition or have failed to provide him with adequate medical treatment. A great many of the claims asserted in Plaintiff's complaint were subsequently dismissed. (Dkt. #12-13). At this juncture, Plaintiff's action is proceeding against the MDOC and eight individuals. All nine Defendants now move

---

[1] The Court did not receive Plaintiff's complaint until August 20, 2012, but Plaintiff signed his complaint on August 8, 2012.

for summary judgment on the ground that Plaintiff has failed to exhaust his administrative remedies prior to initiating the present action.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir.

2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is

made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

The allegations in Plaintiff's complaint concern events that occurred after Plaintiff's transfer from the Saginaw Correctional Facility (SRF) to the Ionia Correctional Facility (ICF). In support of their motion for summary judgment, Defendants assert that prior to initiating the present action, Plaintiff failed to pursue any grievance concerning events at ICF through all three steps of the grievance process. In support of this assertion, Defendants have submitted evidence regarding three grievances that Plaintiff pursued concerning events that occurred at correctional facilities other than ICF. Plaintiff has responded, however, by submitting evidence of four additional grievances he has pursued, each of which is discussed below.

A. Grievance ICF-11-08-1589-26

Plaintiff has submitted evidence that he pursued this grievance through all three steps of the grievance process. (Dkt. #48, Exhibit 1 at 3-4 of 21). Plaintiff's Step III grievance was denied on April 19, 2012, well before Plaintiff initiated the present action. Because Plaintiff has not submitted a copy of the Step I grievance, the Court cannot discern the nature of this particular grievance or against whom it was asserted. As noted above, however, the burden does not rest with Plaintiff to demonstrate that he has exhausted his claims. Instead, the burden rests with Defendants to demonstrate that Plaintiff has not exhausted his claims. While this evidence may not clearly indicate which claims (if any)

Plaintiff has properly exhausted, it raises a genuine issue of material fact as to whether Defendants have met their burden on the question of exhaustion.

B. Grievance ICF-13-02-263-2z

Plaintiff has submitted evidence that he pursued this grievance through all three steps of the grievance process. (Dkt. #48, Exhibit 1 at 7-8 of 21). Plaintiff's Step III grievance was denied on August 13, 2013. Because Plaintiff has not submitted a copy of the Step I grievance, the Court cannot discern the nature of this particular grievance or against whom it was asserted.

It would appear at first glance that this grievance, denied more than one year after Plaintiff initiated the present action, cannot serve to properly exhaust any of the claims in Plaintiff's complaint. *See, e.g., Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed"). However, MDOC policy provides that the grievance process shall be completed within 120 calendar days of the date on which the Step I grievance was filed. Mich. Dep't. of Corr., Policy Directive 03.02.130 ¶ S. MDOC policy further provides that if prison officials fail to timely respond to a grievance, the inmate may proceed to the next step in the grievance process. *See* Mich. Dep't. of Corr., Policy Directive 03.02.130 ¶ T. Thus, if prison officials fail to respond to an inmate's Step III grievance by the end of the aforementioned 120 day period, the inmate may likely be able to initiate, without fear of dismissal on exhaustion grounds, an action in federal court. This is because in such a circumstance, the inmate has completed the administrative process as defined by the MDOC and the MDOC's failure to comply with its own guidelines should not be able to be employed as the basis for the dismissal of the inmate's lawsuit.

Because the Step I grievance has not been submitted, the Court cannot determine whether this grievance can be said to exhaust any of the claims asserted in Plaintiff's complaint. As previously noted, however, the burden does not rest with Plaintiff to demonstrate that he has exhausted his claims. Rather, the burden rests with Defendants to demonstrate that Plaintiff has not exhausted his claims. While this evidence may not clearly indicate which claims (if any) Plaintiff has properly exhausted, it raises a genuine issue of material fact as to whether Defendants have met their burden on the question of exhaustion.

C. Grievance ICF-11-04-0809-03f

Plaintiff has submitted evidence that he pursued this grievance through all three steps of the grievance process. (Dkt. #48, Exhibit 1 at 13-14 of 21). Plaintiff's Step III grievance was denied on July 27, 2012, well before Plaintiff initiated the present action. Because Plaintiff has not submitted a copy of the Step I grievance, the Court cannot discern the nature of this particular grievance or against whom it was asserted. However, the burden does not rest with Plaintiff to demonstrate that he has exhausted his claims. Instead, the burden rests with Defendants to demonstrate that Plaintiff has not exhausted his claims. While this evidence may not clearly indicate which claims (if any) Plaintiff has properly exhausted, it raises a genuine issue of material fact as to whether Defendants have met their burden on the question of exhaustion.[2]

---

[2] The Court notes that this grievance *appears* to concern events which occurred on March 31, 2011, before Plaintiff alleges that he was transferred to ICF. However, while Plaintiff alleges that he was transferred to ICF on March 20, 2012, there is no evidence presently before the Court indicating where Plaintiff was incarcerated as of March 31, 2011. To the extent Defendants want to argue that this particular grievance fails to exhaust any of the claims in the present matter, because it concerns events occurring at a different correctional facility, the burden rests with Defendants to establish that such is the case. Defendants have failed to satisfy their burden in this regard.

D.     Grievance ICF-12-04-0588-27z

Plaintiff has submitted evidence that he pursued this grievance through all three steps of the grievance process. (Dkt. #48, Exhibit 1 at 10-11 of 21). Plaintiff's Step III grievance was denied on August 7, 2012, prior to the initiation of the present action. Because Plaintiff has not submitted a copy of the Step I grievance, the Court cannot discern the nature of this particular grievance or against whom it was asserted. As noted above, however, the burden does not rest with Plaintiff to demonstrate that he has exhausted his claims. Instead, the burden rests with Defendants to demonstrate that Plaintiff has not exhausted his claims. While this evidence may not clearly indicate which claims (if any) Plaintiff has properly exhausted, it raises a genuine issue of material fact as to whether Defendants have met their burden on the question of exhaustion.

In conclusion, as discussed herein, Defendants have failed to meet their burden of establishing that Plaintiff failed to properly exhaust the claims still at issue in this matter.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (Dkt. #31), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 15, 2013

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge