UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BROWN,

        Plaintiff,                                 Hon. Janet T. Neff

v.                                                    Case No. 1:12-CV-873

JOHN PRELESNIK, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction and/or Protection Order. (Dkt. #79). Plaintiff initiated the present action alleging that the conditions of his prison confinement violate his rights under federal law. Specifically, Plaintiff alleges that he suffers from partial blindness due to a degenerative eye impairment, a condition which is not being properly accommodated by Defendants. Plaintiff, therefore, requests that the Court enter an Order directing that he be transferred to a different correctional facility capable of accommodating his vision limitations. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant

would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff complains that he "is forced to shower with other prisoners in an open shower setting without rails to hold onto, a chair/seat, or even a privacy divider to prevent him from accidentally bumping into other naked men showering next to him." Plaintiff concedes that he "is provided a fellow prisoner to assist him to walk places throughout the prison," but nevertheless asserts that these particular prisoners are not properly trained to serve his needs. Specifically, Plaintiff asserts that his assistants do not sufficiently interact with him during "recreation yard" time. Plaintiff also alleges that prison employees "are not properly trained to understand and assist Plaintiff with the unusual dangers that he is constantly faced with."

In response to Plaintiff's unsubstantiated allegations, Defendants have submitted several items of evidence. Sergeant Philip Shroad has submitted an affidavit in which he disputes Plaintiff's assertion that the people assigned to assist him are not properly trained. (Dkt. #87, Exhibit A). Shroad asserts that the individuals assigned to assist Plaintiff are Disabled Prisoner Assistants, not merely

"porters" as Plaintiff alleges. According to Shroad, these Disabled Prisoner Assistants are "paid a skilled wage to work with Plaintiff every day" and escort Plaintiff "for all out-of-cell movement." With respect to Plaintiff's allegations concerning his showering accommodations, Shroad asserts that "Plaintiff never requested alone shower time" and "[t]ime could have been arranged for the Plaintiff to shower by himself if he had requested." Shroad further asserts that "handicap chairs" are available for Plaintiff to use in the shower. While Plaintiff complains about his transfer to the Ionia Maximum Security Correctional Facility, Defendants have submitted evidence that this transfer was necessitated by "the inability [of Plaintiff] to be managed in a GP [general prisoner] level IV setting." (Dkt. #87, Exhibits B-D). Plaintiff has failed to submit any evidence refuting that submitted by Defendants.

In sum, Plaintiff has failed to demonstrate that he is likely to prevail on the merits of any of his surviving claims. Plaintiff's argument that he satisfies this prong of the analysis based on the fact that this matter has survived one motion for summary judgment is not persuasive, as the summary judgment motion in question examined only whether Plaintiff had properly exhausted his claims not whether there existed sufficient evidence for such claims to proceed to trial. Plaintiff has failed to establish that he will suffer irreparable injury in the absence of injunctive relief. Finally, the public interest is not served by judicial interference in the management of a correctional institution in the absence of evidence justifying such. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Preliminary Injunction and/or Protection Order</u>, (Dkt. #79), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    Respectfully submitted,

Date: January 5, 2015    /s/ Ellen S. Carmody
    ELLEN S. CARMODY
    United States Magistrate Judge