UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BROWN,

    Plaintiff,                                                        Case No. 1:12-cv-873

v                                                                        HON. JANET T. NEFF

JOHN PRELESNIK, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

        This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed a "Motion for Preliminary Injunction and/or Protection Order" (Dkt 79), requesting that the Court enter an order directing that he be transferred to a different correctional facility capable of accommodating his vision limitations, as Plaintiff allegedly suffers from a degenerative eye impairment.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R") (Dkt 104), recommending that this Court deny Plaintiff's motion.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 108).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

        Noting that injunctive relief is an "extraordinary remedy," the Magistrate Judge determined that Plaintiff failed to demonstrate that the balance of applicable factors warranted injunctive relief. Specifically, the Magistrate Judge found that Plaintiff has failed to demonstrate that he is likely to

prevail on the merits of any of his remaining claims (R&R, Dkt 104 at 3). The Magistrate Judge further found Plaintiff failed to demonstrate that he would suffer irreparable injury absent an injunction and that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility absent evidence supporting such (*id.*).

Plaintiff first objects to the Magistrate Judge's characterization of his condition as "partial blindness," arguing that the characterization implies that "Plaintiff can, in fact see . . . which minimizes the need for accommodations . . . ." (Objs., Dkt 108 at 1). However, the Magistrate Judge did not base her recommendation on the severity of Plaintiff's condition but on Defendants' evidence demonstrating that Defendants are accommodating Plaintiff's condition and that Defendants, upon request, could further accommodate Plaintiff (R&R, Dkt 104 at 3). The Magistrate Judge also pointedly observed that Plaintiff failed to submit "any evidence refuting that submitted by Defendants" (*id.*). Plaintiff's objection does not demonstrate that a disposition other than the recommendation by the Magistrate Judge is warranted.

Plaintiff's second objection reiterates, verbatim, his fourteen-page reply to Defendants' opposition to his motion for a preliminary injunction (Objs., Dkt 108 at 3-15; Reply, Dkt 88 at 1-14). Plaintiff emphasizes that his "verified allegations and rational arguments" contained in that document are in "sharp conflict" with the Magistrate Judge's findings (Objs., Dkt 108 at 3). However, Plaintiff's objection does not demonstrate any factual or legal error in the Magistrate Judge's analysis, only his dissatisfaction with, and general objection to, the Magistrate Judge's recommendation. Accordingly, the Court also denies Plaintiff's second objection.

**THEREFORE, IT IS ORDERED** that Plaintiff's Objections (Dkt 108) are DENIED, and the Report and Recommendation (Dkt 104) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction and/or Protection Order (Dkt 79) is DENIED.

Dated: March 16, 2015          /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge