UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BROWN,

    Plaintiff,

v.

JOHN PRELESNIK, et al.,

    Defendants.
_____/

Case No. 1:12-cv-873

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff initiated this civil rights action in August 2012. In March 2015, the defendants remaining in this case filed a "Motion for Summary Judgment and Qualified Immunity" (Dkt 118). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that Defendants' motion be granted in part and denied in part (Dkt 138). Specifically, the Magistrate Judge recommends granting Defendants LeBarre and Wilson summary judgment of Plaintiff's claims against them under 42 U.S.C. § 1983, and otherwise denying Defendants' motion, permitting Plaintiff's remaining claims to go forward (*id.* at PageID.839). The matter is presently before the Court on Plaintiff's objections to the Magistrate Judge's recommendation regarding Defendants LeBarre and Wilson (Dkt 140). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the following reasons, the Court denies the objections and issues this Opinion and Order.

## I. Defendant LeBarre

Plaintiff's allegations against Defendant LeBarre, the Ionia Correctional Facility Health Unit Manager, are contained in Counts 3 and 16 of his Amended Complaint. Plaintiff alleges that Defendant LeBarre failed to provide him appropriate medical treatment in violation of his Eighth Amendment rights by "fail[ing] to schedule Brown to be seen" about the "discomfort" he suffered in wearing contact lenses (Dkt 15, Amend. Compl. ¶¶ 56-67, 163-65).

In support of summary judgment in her favor, Defendant LeBarre submitted her affidavit, which the Magistrate Judge determined revealed that the impediment that delayed Plaintiff's follow-up eye examination was "not the result of a deliberate indifference by Defendant LeBarre to Plaintiff's vision impairment, but was instead the result of administrative and logistical matters beyond LeBarre's control" (R&R, Dkt 138 at PageID.832). The Magistrate Judge further determined that there was "no evidence that Defendant LeBarre's actions were unreasonable or subjected Plaintiff to the risk of medical harm," and no evidence that Plaintiff suffered any harm as a result of the delay in question (*id.*). The Magistrate Judge pointed out that Plaintiff had failed to present any evidence contrary to LeBarre's affidavit (*id.* at PageID.832-833).

Plaintiff's objection consists of his reiteration of his allegations from his Amended Complaint (Objs., Dkt 140 at PageID.845-846) and an additional allegation against Defendant LeBarre arising from LeBarre's "refusal" to order artificial tear drops on "1-24-14 ... until 2015" (*id.* ¶ 24, PageID.847-848). Plaintiff also attached the declarations of three other inmates.

Plaintiff's objection is properly denied.

Neither Plaintiff's reiteration of the allegations in his Amended Complaint nor his attempt to present a new allegation about a delay in ordering artificial tear drops provides the Court with any particularized ground for review. Plaintiff has not addressed Defendant LeBarre's affidavit nor any portion of the Magistrate Judge's resolution of his § 1983 claims against Defendant LeBarre. His "objection" is simply not responsive to the Magistrate Judge's Eighth Amendment analysis. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections").

Plaintiff also does not reference, let alone address the import of, the three declarations that he attached to his objection, but the Court has nonetheless reviewed them. Declarant Washington is the only declarant who mentions Defendant LeBarre, and Washington indicates merely that he handed Plaintiff's contact lenses to LeBarre and she "refused to take them [because] Plaintiff had to wear the lenses for at least 30 days" (Decl. ¶ 18, Dkt 140-1 at Page ID.852).

In sum, Plaintiff's objection does not demonstrate any factual or legal error by the Magistrate Judge in her recommendation to grant Defendant LeBarre summary judgment of the § 1983 claims against her.

## II. Defendant Wilson

Plaintiff's allegations against Defendant Wilson are contained in Counts 12 and 16 of his Amended Complaint. In Count 12, Plaintiff alleges that on four occasions between November 7, 2012 and December 8, 2012, Defendant Wilson denied him use of the shower and limited his use of a prison kiosk (Dkt 15, Amend. Compl. ¶¶ 115-18). Plaintiff also alleges that on December 3, 2012 and December 4, 2012, Defendant Wilson denied him access to the chow hall (*id.* ¶ 119). The

Magistrate Judge determined that Defendant Wilson was entitled to summary judgment of Count 12 whether the claim was analyzed as a retaliation claim or an Eighth Amendment claim. The Magistrate Judge determined that if Plaintiff is alleging these actions by Defendant Wilson were undertaken for unlawful retaliatory purposes, then the allegations "fail to assert more than a de minimis injury insufficient to maintain a claim of retaliation" (R&R, Dkt 138 at PageID.837). Alternatively, the Magistrate Judge determined that if Plaintiff is alleging these actions by Defendant Wilson violate his Eighth Amendment right to be free from cruel or unusual punishment, Defendant Wilson is also entitled to relief because the alleged deprivations fall "far short" of showing that the conditions of his confinement violate contemporary standards of decency (*id.*).

In Count 16, Plaintiff alleges that on December 11, 2012, Wilson refused Plaintiff "access to the law library for the purpose of purchasing legal copies" (Dkt 15, Amend. Compl. ¶ 152). Plaintiff alleges that Defendant Wilson's conduct was motivated by unlawful retaliatory motives (*id.* ¶ 153). The Magistrate Judge determined that Defendant Wilson is also entitled to summary judgment on Count 16 against him because "denying a prisoner, on a single occasion, the opportunity to make copies, where there is no allegation that such deprivation resulted in other harm or prejudice, simply fails to rise above the level of de minimis injury" (R&R, Dkt 138 at PageID.838).

In his objection to the Magistrate Judge's Report and Recommendation, Plaintiff again reiterates the allegations from his Amended Complaint against Defendant Wilson (Objs., Dkt 140 at PageID.842-845). Plaintiff also supplies the following new dates and new factual allegations against Defendant Wilson, when Defendant Wilson allegedly

1. denied Plaintiff "participation in eating in the unit chow hall" on or about "4-1-12 and 5-28-12; 7-12-12 through 3-3-13" (Objs. ¶ 2, Dkt 140 at PageID.842);

2. denied Plaintiff "participation in law library" on 3-9-13 (*id.* ¶ 7, PageID.843);

3. denied Plaintiff "the opportunity to clean his cell" on 1-27-13 (*id.* ¶ 10, PageID.843-844);

4. "intentionally spit[] in a food tray and [gave] it to Plaintiff" on an unspecified date (*id.* ¶ 12, PageID.844);

5. denied Plaintiff law books while in segregation on 7-3-13, 7-21-13 and 8-5-13 (*id.*);

6. denied Plaintiff "access to the housing unit 4 chow hall and all out of cell movement" on unspecified dates, which led to Plaintiff developing a rash "from 3-5-13 to 4-4-13" (*id.* ¶ 13, PageID.844-845); and

7. refused to "call healthcare" on 3-18-13 after Plaintiff informed Defendant Wilson he "had not eaten in several days and was feeling weak and dizzy" (*id.* ¶ 14, PageID.845).

While Plaintiff does not reference, let alone address the import of, the declarations as to his claims against Defendant Wilson, the Court has reviewed the declarations as to the claims against Defendant Wilson, too. Declarant Washington includes a paragraph in support of Plaintiff's new law library allegation against Defendant Wilson (Decl. ¶ 14, Dkt 140-1 at Page ID.852). Declarant Clark's declaration generally references conduct of Defendant Wilson, but his declaration does not identify or corroborate any of the dates on which Plaintiff alleges the incidents with Defendant Wilson took place (Decl., Dkt 140-2). Last, a paragraph in Declarant Cathey's declaration lends support only to Plaintiff's new out-of-cell movement allegation against Defendant Wilson (Decl. ¶ 5, Dkt 140-3 at Page ID.855).

Again, neither Plaintiff's reiteration of his original allegations nor his new allegations about Defendant Wilson provides the Court with any particularized ground for reviewing the Magistrate Judge's Report and Recommendation. Plaintiff does not address either Count 12 or Count 16 or the

Magistrate Judge's analysis of the claims therein. His "objection" is again simply not responsive to the Report and Recommendation. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). Plaintiff's objection does not demonstrate any factual or legal error by the Magistrate Judge in her recommendation to grant Defendant Wilson summary judgment of the § 1983 claims against him.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Plaintiff is proceeding *in forma pauperis*, and this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 140) are DENIED, and the Report and Recommendation (Dkt 138) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment and Qualified Immunity (Dkt 118) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation; specifically, Defendants LeBarre and Wilson are granted summary judgment, but Defendants' motion is otherwise denied and Plaintiff's remaining claims go forward.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: March 23, 2016          /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge